## JOHN DAVIS v. SOCRATES DARLING.

Where the plaintiff in error has failed to describe the judgment properly, in his petition, he may file a new one, and have the defendant cited thereon, if done in time to be returnable at the same time as the first.

The general exception, made by the plaintiff in error, to dismiss the certiorari, should have been sustained. The only diligence shown by the defendant in error, in his petition, (for certiorari,) in making his defence before the Justice, was in leaving a message for an attorney to attend to his case. He gave it no further attention, and was not present at the trial, and gave no excuse for his absence. The fact that the attorney was previously employed on the other side, and did not take the trouble to hunt him up and inform him of it, even if he received the message, is no excuse whatever.

Error from Fayette. Tried below before the Hon. James H. Bell.

Petition for certiorari, filed March 2d, 1855, as follows :—

The petition of Socrates Darling, a resident citizen of the county and State aforesaid, respectfully showeth, that heretofore, to wit: on the ·　　day of　　one John Davis, also a citizen of said county and State, instituted suit against your petitioner before N. C. Joiner, an acting Justice of the Peace in and for said county, for the sum of $60. Your petitioner alleges that he did not reside in the precinct where the said suit was instituted, but lived in a precinct some 18 or 20 miles distant, in the said county, in which precinct there was an acting Justice of the Peace, and that the supposed cause of action accrued, if at all, in the precinct last aforesaid. Your petitioner alleges that when he was served with the citation to appear before the said N. C. Joiner, he was impressed with the belief that it was illegal, and that it would only be necessary for him to claim the right to be sued in his own precinct; that he went to the town of LaGrange, to see Jno W. Chandler, Esq'r, to request him to claim this right for him, and have the said suit dismissed; that he found the said Chandler absent, and found in the said Chandler's office his relative, Mr. Duncan, and he left a message with the said Duncan to engage the services of the said Chandler, as aforesaid. Petitioner now alleges that he was never informed by the said Chandler that he could not attend to his request, and hence he made no other arrangement, and did not deem it necessary for him to appear in person to attend the said suit at the trial; and your petitioner was greatly surprised when he learned after the trial, that he was not represented, and that the said Chandler was adversely engaged in the prosecution of the said suit against him; that the said Justice proceeded to give judgment against your petitioner for the said sum of $60 and costs of suit, on the 2d day of January, 1855. Petitioner alleges that if he had been represented in said cause, good and legal defences would have been urged against the unjust demand of the said Davis; that he in truth and in fact did not owe him one cent. Your petitioner, on the 5th day of January, 1855, filed an application for a new trial according to law, setting forth the above facts, which was overruled by said Justice, a copy of which said application is hereto appended; and now your petitioner will be irremediably wronged, unless he can obtain a writ of certiorari to remove the said cause to the District Court. He therefore prays, &c.

The showing for new trial before the Justice, was in substance the same as the above petition. The order for certiorari was given by the Hon. John Hancock, then Judge of the Second Judi-

cial District, in which Fayette county then was.   The certiorari was served April 6th, 1855, and the citation to Davis, April 26th, 1855; and both, with the Justice's return, were filed Sept. 3d, 1855.   Then followed the motion of Davis to dismiss, filed at Spring Term, March 25th, 1856.   At same Term, the motion to dismiss was overruled, the Hon. Thomas H. DuVal presiding; and there was a bill of exceptions to such ruling, signed by the Judge; but it was in general terms, not suggesting any objection to the time of filing the motion.   The suit was an account " for carpenter work done for him, $60 00."  On the 3d of December, 1856, plaintiff failing to appear, suit was dismissed for want of prosecution.

On the 6th of Dec'r, 1856, plaintiff, Davis, filed his petition for a writ of error, which merely stated the style of the cause, and the Court, and that there were "errors to his prejudice in the record and proceedings had in said cause in said Court," and prayed a writ of error.   Writ issued accordingly, Dec. 12th, 1856, without further description of the judgment; served January 5th, 1857, and returned same day.   Assignment of errors filed March 3d, 1857.   Then followed a note by the Clerk that the transcript had been returned to his office by the attorney of the plaintiff in error, with the request that he should copy the following additional proceedings.   Then followed a petition for writ of error, filed Sept. 18th, 1857, properly describing the judgment, &c., and citation thereon served Sept. 29th.  Transcript filed in this Court, Dec. 24th, 1857.

*W. G. Webb*, for plaintiff in error.   The Court erred in not dismissing the suit on the motion.  A petition for certiorari must show that there is no ground on which the judgment can be sustained; and it must negative every tenable position for it.   (12 Tex. R. 179.)  And where a certiorari is founded on the alleged fact that a party lives out of the beat where sued, it must by other allegations show that the Justice had no jurisdiction. (Peasle v. Puckett, 8 Tex. R. 303.)  A careful man would have attended the trial, to have given his attorney a history of the case, and to furnish him a reference to his witnesses; but it does not appear that he did any more than to leave a message with Duncan for Chandler, to engage his services, and it does not appear that he gave to Duncan any of the facts of the case whatever.   Chandler was left to conjecture his defence; and if he had

been present, could have done him no good without his plea in abatement, which required defendant's affidavit in its support.

The brief of defendant in error is a virtual confession of the errors assigned, for the reliance is upon a technical objection. Granting that the first petition did not describe the judgment fully, there can be no question of its having been properly described in the second petition.

The most the defendant in error could possibly claim would be the costs on the first petition, a very insignificant sum. Plaintiff in error might even have amended his first petition, in this Court. (Hillebrant v. Brewer, 5 Tex. R. 566; Wright v. Williams, 12 Id. 35.)

*J. T. Harcourt*, for defendant in error. We insist that the case should be dismissed from the docket, because of the insufficiency of the description of the judgment as contained in the petition for writ of error filed 6th December, 1856. The subsequent petition for writ of error in the same case, filed 18th September, 1857, could not cure the former description, as it was an irregular and illegal proceeding. There can be but one writ of error prosecuted upon the same judgment. If otherwise, a party, for delay, could sue out writs of error *ad libitum*, and tie up the executions without prosecuting any of them to final judgment in the Supreme Court.

The petition for certiorari was sufficient.

ROBERTS, J. The motion to dismiss the writ of error cannot prevail; for although the first petition and writ are defective, the second fully describes the judgment. The last writ was served in time.

The general exception made by the plaintiff in error, to dismiss the certiorari, should have been sustained. The only diligence, shown by Darling in his petition, in making his defence before the Justice, was in leaving a message for an attorney to attend to his case. He gave it no further attention, and was not present at the trial, and gave no excuse for his absence. The fact that the attorney was previously employed on the other side, and did not take the trouble to hunt him up and inform him of it, even if he received the message, is no excuse whatever.

Judgment reversed, and cause remanded for disposition in accordance with this Opinion.

                                        Reversed and remanded.