TEXAS FIRE INSURANCE COMPANY OF WACO v. R. H. BERRY.

Decided July 27, 1903.

**Injunction—Diligence—Meritorious Cause.**

To authorize an injunction to restrain execution under a judgment by default it devolves upon the defendant in the execution to show not only a clear case of merit but a clear case of diligence. That, as defendant in the original proceeding, the complainant relied upon the promises of an agent to employ counsel and prepare the cause for trial, and upon his statements that he had done so, is not a showing of diligence.

Appeal from the District Court of Jack. Tried below before Hon. J. W. Patterson.

*Thos. D. Sporer,* for appellant.

*Nicholson & Fitzgerald* and *Sil Stark,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Upon a former appeal to this court the question of the sufficiency of the services of citation in the suit culminating in a default judgment, to enjoin the execution of which this proceeding was instituted, was decided adversely to appellant. Texas Fire Ins. Co. of Waco v. Berry, 67 S. W. Rep., 790. So it remains to be seen if appellant, in its bill, after alleging a meritorious defense, has shown that it was deprived of the right to make such defense under such circumstances as will entitle it to the writ of injunction. Upon this issue we quote from appellant's brief as follows:

"Appellant relied upon a former agent to prepare said case for trial, as he had promised so to do, and agreed to employe local counsel to represent appellant in this cause, and represented to appellant that he had already employed a lawyer for that purpose, and that he would have the case set for trial and then notify said Oman (its secretary at Waco) of such fact; that the company relied upon these representations of said agent and believed that he would do as he agreed. That said agent informed a representative of appellant, who was in Jacksboro to attend to said cause, just prior to the convening of said court, that he had already employed an attorney for that purpose and that he need not remain, as they would give the matter all proper attention; but this said answer was not filed as appellant was led to believe, and appellant believes that it was in accordance with some corrupt understanding between said Berry and said agent in order to defraud appellant. That it was solely in this way that said judgment was rendered against appellant, and that had it not been for said promises of said agent appellant would never have obtained said judgment by default. That appellant, nor any of its officers, never knew of said judgment by default until after the adjournment of said court and not in time to file a motion for new trial."

To this show of diligence (or rather lack of diligence) the trial court properly sustained appellee's special exception and dismissed the appellant's bill, the rule being that a complainant under such circumstances must show a clear case of diligence as well as of merit; that he has a good defense which he was prevented from showing by fraud, accident or the acts of the opposite party, wholly unmixed with any fault or negligence on his part. Nevins v. McKee, 61 Texas, 412; Morris v. Edwards, 62 Texas, 209; Clegg v. Darragh, 63 Texas, 357; Railway v. Boydston, 33 S. W. Rep., 283; Ames Iron Works v. Chinn, 20 Texas Civ. App., 383; Harn v. Phelps, 65 Texas, 597.

Judgment affirmed.

*Affirmed.*

Writ of error refused.