[Civil No. 787.    Filed March 26, 1904.]

[76 Pac. 595.]

THE COUNTY OF COCHISE, et al., Defendants and Appellants, v. COPPER QUEEN CONSOLIDATED MINING COMPANY, Plaintiff and Appellee.

1. TAXES AND TAXATION — INJUNCTION — APPEAL AND ERROR — NEW TRIAL—WHEN GRANTED.—An appellate court, on reversing a decree enjoining a county from collecting or in any way attempting to collect a tax, will not continue the injunction merely because the law for the collection of taxes in force when the suit was brought has been repealed, but will remand the case for a new trial inasmuch as there may be a method to collect the tax under the new law.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. George R. Davis, Judge.    Reversed.

On rehearing.    For former opinion, see *ante*, p. 221.

D. L. Cunningham, District Attorney, Allen R. English, and Edwards & McFarland, for Appellants.

Herring & Mitchell, for Appellee.

SLOAN, J.—We adhere to the views expressed in the opinion heretofore filed in this case.    (*Ante,* p. 221, 71 Pac. 946.) The order of the court was that the judgment should be reversed, and the case remanded for a new trial.

Counsel for appellee now argue that this order should be modified for the following reasons: It is suggested that the relief prayed for by appellee in its complaint was the prevention of a sale of its property by the tax-collector of Cochise County to enforce the payment of the taxes levied against said property for the year 1901; that, under the law as it then existed, after March 3, 1902, the tax-collector lost jurisdiction in the premises; and that there was no method provided by which said taxes could be collected. It is therefore urged that, "if the court should adhere to the opinion already announced, . . . a new trial in the district court could have no practical result whatever. If the district court, upon

the whole evidence, should dismiss the complaint, the plaintiff would be in no way injured, the defendant in no way benefited; and precisely the same result would follow if, upon the whole evidence, the court should decide that the plaintiff was entitled to an injunction, because an injunction, at that stage of the case, would in no way affect the rights of either party.'' It is also suggested that the only proper course open to the court is either to affirm the judgment, or to dismiss the appeal on the ground that there is no substantial controversy between the parties now, and that no good results can follow from any further litigation in the case.

An examination of the injunction granted by the trial court shows that it restrains the tax-collector and the county of Cochise from collecting, or in any manner attempting to collect, the taxes in question. The order is not restricted to the prevention of a sale by the tax-collector under the provisions of the law in force and effect at the time the suit was brought. If, therefore, we were to follow the suggestion, and either affirm the judgment or dismiss the appeal, the effect would be to continue in force this injunction, and to tie the hands of the tax-collector of the county from hereafter collecting or attempting to collect the taxes for the year 1901 in any manner or at all. It is true that the law in force and effect at the time the injunction was granted has been repealed, and, even had it not been repealed, it may be that no sale could now be made by the tax-collector. It does not follow that there may not be, under the law of 1903, a method for the collection of this tax. At any rate, inasmuch as we found that the judgment should be reversed, this injunction ought not to be permitted to stand; and as we found that the appellee, under the allegations of its complaint, is entitled to some relief, the only disposition we can properly make of the case is to remand it for a new trial.

It may be admitted, as suggested by counsel for the appellee, that it will be entirely within the power of the appellee, when the case is remanded, to dismiss the action. Until the action is dismissed, there will still remain a substantial controversy between the parties, unless it be conceded by the appellants that there remains no method of enforcing the collection of the tax—a concession which doubtless will not be made.

We see no reason to change or modify the order reversing the judgment and remanding this case for a new trial.

Kent, C. J., and Doan, J., concur.