[Civil No. 931.   Filed March 30, 1906.]

[85 Pac. 244.]

## A. V. LEWIS, Defendant and Appellant, v. FRANCES CUNNINGHAM, Plaintiff and Appellee.

1. PROCESS—SERVICE OF SUMMONS—UPON SHERIFF—WHO MAY SERVE—REV. STATS. ARIZ. 1901, PARS. 1101, 1319, 1327, CONSTRUED.—While the language of paragraph 1101, *supra,* providing that where the sheriff is a party to an action or proceeding, process may be executed by the coroner or constable of the county, or by the United States marshal, or a deputy, or by a person appointed by the court, and paragraph 1319, *supra,* providing that "When it appears from the complaint that the sheriff is a party to the suit, or is interested therein, the summons shall be served by any constable of his county," is mandatory, the requirement to be obeyed relates to the duty of the coroner or constable and not to the method, so that the method pointed out in paragraphs 1101 and 1319, *supra,* may be followed, or "The summons may be served by any disinterested person competent to make oath of the fact," as provided by paragraph 1327, *supra.*

2. APPEAL AND ERROR — DEFAULT — SETTING ASIDE—DISCRETION — REVIEW.—A motion to set aside a default is addressed to the sound discretion of the trial court, and its action is not to be disturbed on appeal unless it appears that such discretion has been abused.

3. JUDGMENT—DEFAULT—SETTING ASIDE—DENIAL—EVIDENCE. — Where the time for a sheriff to answer expired September 21st and default was entered September 30th, and at the call of the calendar on the first Monday in December he gave notice of a motion to set aside the default, but failed to file the same, and the case was tried and judgment rendered on December 22d, and after judgment a motion to set it aside was made, upon affidavits stating that at the time of the service of summons defendant was extremely busy with the criminal business of the county and the cares of his office, and thereafter was constantly away from the office and utterly forgot and overlooked the necessity of filing his answer until after the default had been entered, the facts did not make a sufficient showing of diligence to justify the trial court in the exercise of discretion to open the judgment and set aside the default.

4. SAME—SAME—SAME—LACK OF DILIGENCE.—The failure to exercise reasonable diligence in moving to set aside a default, or in preparation for trial, is proper ground for a denial of the motion, even though it may appear that the defendant has a good defense upon the merits.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Pickett & Bowman, for Appellant.

The court never obtained jurisdiction of the defendant, for the reason that the copy of the complaint and summons was served upon the defendant by one George Bravin, as an individual, and not by a constable of Cochise County, as is provided by paragraph 1319 of the Revised Statutes of Arizona of 1901.

Where the statute prescribes a particular method of serving mesne process, that method must be followed. *Amy* v. *Watertown No. 1,* 130 U. S. 302, 9 Sup. Ct. 530, 32 L. Ed. 946.

Charles Blenman, for Appellee.

KENT, C. J.—This is an action against the sheriff of Cochise County, to recover the value of certain property alleged to have been wrongfully seized by the sheriff, and for damages for the alleged wrongful detention thereof. The summons was served upon the sheriff by a disinterested person, on August 29, 1903. No appearance or answer having been filed, the default of the defendant was entered on September 30, 1903. On December 22, 1903, the case came on regularly for trial, and the defendant not appearing, evidence was introduced to sustain the plaintiff's claim, and judgment entered for the plaintiff for the sum of nine hundred dollars and costs. Thereafter, on the same day, a notice of motion to set aside the default and the judgment was filed. The motion was thereafter heard and denied by the court. From the order denying the motion the defendant has appealed.

It is claimed that the court did not obtain jurisdiction of the defendant, for the reason that the summons was served upon the defendant by an individual, and not by an officer designated by the statute or a person appointed by the court, the contention of the appellant being that the sheriff by virtue of the office which he holds is not within the general provision which permits the service to be made by a disinterested person.

The provisions of the code (Rev. Stats. 1901) bearing upon the question are as follows: Paragraph 1101 provides: "When the sheriff is a party to an action or proceeding, the process and orders therein, which otherwise would be the duty of the sheriff to execute, must be executed by the coroner or constable of the county, or it may be executed by a United States marshal, or a deputy United States marshal, or a person appointed by the court." Paragraph 1319 provides: "When it appears from the complaint that the sheriff is a party to the suit, or is interested therein, the summons shall be served by any constable of his county." Paragraph 1327 provides: "The summons may be served by any disinterested person competent to make oath of the fact." We do not construe the provisions of paragraphs 1101 and 1319 as requiring service, when the sheriff is a party, to be made as therein provided, to the exclusion of the mode provided in paragraph 1327. The former paragraphs make it the duty of the coroner or constable to serve the process, and thus provide a means whereby such service may be had by an officer of the law. The language used is mandatory, but the requirement to be obeyed relates to the duty of the coroner or constable, and not to the method to be chosen in effecting the service. Service upon a sheriff, therefore, may be made in the manner provided in any one of the three paragraphs referred to.

It is further claimed that the trial court erred in not setting aside the default, and in not granting the motion for a new trial, it appearing from the affidavits submitted on said motion that the defendant had a substantial and meritorious defense to the action. Such a motion is addressed to the sound discretion of the trial court, and its action in regard thereto is not to be disturbed on appeal unless it appears that such discretion has been abused. As we said in the case of *Copper King of Arizona* v. *Johnson,* 9 Ariz. 71, 76 Pac. 595: "Circumstances often surround the setting and trial of a case, properly cognizable by the trial judge, which may not always appear in the record, and which may properly have an influence in the determination of a motion of this character. The appellate court should, therefore, in its review of such action, recognize that such matters must rest largely in the sound discretion of the trial court, and upon such review should not disturb such action and the exercise of such discretion, unless

it clearly appears that such discretion has been abused." In the case before us the time within which the defendant was required to appear and answer expired on September 21st; the default was not entered until September 30th. The fall term of the court opened on the first Monday in December. At that time, at the call of the trial calendar, as appears from the statement of counsel for the appellant, he gave notice in open court that he would file a motion to set aside the default. No such motion was filed, and thereafter, on the twenty-second day of December, the case was called for trial, and upon evidence submitted by the plaintiff, the defendant not appearing, judgment was rendered, and not until after judgment was rendered was any motion made to set aside the default. The affidavits that were submitted to the trial court upon the motion to set aside the default fail to set forth any facts that afford a legal excuse for the want of diligence on the part of the defendant thus shown by the record. The affidavits state in substance that at the time of the service of the summons the defendant was extremely busy with the criminal business of the county, and with the cares of his office, and at that time and thereafter was constantly absent from his office on business, and that he entirely forgot and overlooked the matter in question and the necessity of filing his answer in the case, until after a default had been entered in the case. If it can be said that such excuse might well appeal to the discretion of the court, and be ground for opening the default, it affords no excuse for the failure to present such ground to the court, or to take action to set aside the default during the three months that elapsed from the time of the entry of the default until the trial of the action. The failure to exercise reasonable diligence in moving to set aside a default, or in preparation for trial, is proper ground for a refusal to set aside such default or judgment, even though it may appear that the defendant has a good defense upon the merits. *Simon* v. *Hengels*, 107 Ill. App. 174; *Turner* v. *Threshing Co.*, 133 N. C. 381, 45 S. E. 731; *Texas Fire Ins. Co.* v. *Berry*, 33 Tex. Civ. App. 228, 76 S. W. 219; *O'Connell* v. *Friedman*, 118 Ga. 831, 45 S. E. 668.

Upon the record before us, it does not appear that the trial court was not within the exercise of a wise discretion in refusing to set aside the default. The questions which we have

considered are the only ones raised which we may properly consider on this appeal.

The judgment of the district court is affirmed.

SLOAN, J., CAMPBELL, J., and NAVE, J., concur.