## SCHULTZ v. BURK. (No. 621.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 17, 1921. Rehearing Denied Feb. 9, 1921.)

1. **Judgment �köⁿ 151—Motion to set aside default held insufficient.**

Motion of defendant to set aside personal judgment by default *held* insufficient as not stating the facts on which his belief was based that the controversy between the parties would be settled out of court which led him to make default.

2. **Judgment �köⁿ 151— Allegations that defendant had meritorious defense mere conclusion.**

Allegations, in defendant's motion to set aside personal judgment rendered by default against him in favor of plaintiff, that he had a meritorious defense to plaintiff's suit without stating the facts on which the defense rested, *held* merely statement of a conclusion on defendant's part.

3. **Judgment ⊦köⁿ 139, 151—Setting aside of default rests in discretion, and defendant must show diligence and meritorious defense.**

The setting aside of a default judgment as a general rule is a matter which rests in the sound discretion of the trial court, and defendant cannot complain of refusal to set aside default without showing in his motion the judgment was not the result of a negligent failure on his part, and also that he had a meritorious defense to plaintiff's cause of action, both of which matters must concur; the facts and not conclusions of defendant being stated.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Suit by R. E. Burk against Frank Schultz, wherein judgment was rendered by default against defendant, and from judgment refusing to set it aside he appeals. Affirmed.

A. A. Seale, of Nacogdoches, for appellant. Bates & Bates, of Nacogdoches, for appellee.

HIGHTOWER, C. J. This is an appeal from a judgment of the county court of Nacogdoches county refusing to set aside a personal judgment rendered by default against appellant in favor of the appellee.

On November 21, 1919, the appellee, R. E. Burk, filed this suit against appellant, Frank Schultz, in the county court of Nacogdoches county, on a verified open account in the aggregate amount of $424.03, together with interest thereon. It was alleged by the appellee in his petition that $286.38 of the amount sued for was chargeable to appellant as for his personal account, and that $137.65 of the amount was chargeable to appellant for goods, wares, and merchandise sold by appellee to one Ed Martin at the special instance and request of appellant, and for which appellant had agreed and bound himself to pay appellee. Upon filing of the pe-

tition by appellee, citation forthwith issued to appellant, and he was thereby duly cited to appear at the next term of the court, which convened on January 19, 1920, to answer appellee's demand against him. The citation was duly and legally served on appellant and returned to the court, but appellant did not appear in answer to the citation, nor did he file any answer, and on the appearance day of the term, which was January 20, 1920, judgment by default was rendered in favor of the appellee for the total amount sued for. On January 27, 1920, appellant filed a motion to set aside the default judgment against him, and thereafter amended such motion, and as so amended the same was presented to the court and was overruled.

Appellant's main contention here is that the judgment should be reversed because, as he claims, his motion to set aside the default judgment contained allegations clearly showing that he was not negligent in failing to appear and answer to appellee's suit, and also that his motion showed that he had a meritorious defense to so much of the account sued on by appellee as was made by said Ed Martin in that, as claimed by him in the motion, he did not bind himself legally to pay for the goods, wares, and merchandise furnished by appellee to the said Ed Martin, and, indeed, had not obligated himself at all to pay for such goods, as was alleged by the appellee.

We have carefully considered this assignment, and have reached the conclusion that appellant's motion to set aside the default judgment did not state facts acquitting him of negligence in failing to answer to the appellee's suit, and for that reason alone we decline to disturb the judgment against him, even if we should hold the allegations in the motion sufficient to show a meritorious defense to the appellee's suit. It was not contended by appellant that he was not served with citation a sufficient length of time to enable him to make preparations for the defense of the suit; but his contention is, substantially, that both before and after the suit was filed he "negotiated" with appellee for a settlement of their controversy, and that he was under the impression that he and appellee would settle their controversy, and that no judgment would be taken against him, notwithstanding the pendency of the suit. In his motion to set aside the default judgment, as bearing on this assignment, we find the following:

"Defendant would further represent and show unto the court that said suit was filed against him by the plaintiff upon two alleged accounts, as is shown by Exhibit A attached to said original petition of plaintiff and made a part thereof.

"That suit was brought in the sum of $424.-02, plaintiff alleging that this defendant was due him said amount for goods, wares, and merchandise sold the defendant by plaintiff during the year 1918, plaintiff alleging that personal account of this defendant to be $286.38. Defendant would further show that in said pleadings there is also alleged to be due plaintiff the sum of $137.65 for goods, wares, and merchandise sold by plaintiff to Ed Martin, which this defendant alleges should not have been charged against him, he not being responsible to said plaintiff for said goods so purchased by said Ed Martin. * * *

"Defendant further alleged that prior to the rendition of said judgment by default against him, he was negotiating with plaintiff for a settlement of said account due by him and had offered to pay the plaintiff the amount due said plaintiff by this defendant for his personal account, and that on the 19th day of January, the day before said judgment was rendered against him by default, he negotiated with plaintiff for a settlement of said account, and believed and was under the impression that said settlement would be made and said suit dismissed."

[1] The paragraphs of the motion as above quoted contain, substantially, all that was in the motion presented as an excuse of appellant's failure to appear and answer to the appellee's suit. While it is seen that appellant stated in the motion that he believed and was under the impression that the controversy would be settled out of court, or rather before judgment would be taken, yet he states not a single fact upon which such impression or belief on his part was based. The motion falls far short of showing that appellee made any statement to him that would justify his belief that the controversy would be settled out of court, and certainly he states no fact showing or tending to show that appellee misled him in any way as to his intentions with reference to taking a judgment against him. True, further on in the motion appellant stated that he would have filed an answer to the suit and would not have suffered judgment by default against him had he not been relying upon the belief that the suit would be settled out of court, and that no judgment would be taken against him, but the trouble is no fact is stated showing any basis for any such belief or impression on his part. The best that can be said for him in that connection is that his motion stated a mere conclusion on his part, without any fact or facts upon which to base such conclusions. Therefore we say that the motion to set aside the default judgment did not acquit appellant of negligence in failing to answer the appellee's suit.

[2, 3] We are also of the opinion that the allegations in the motion, to the effect that he had a meritorious defense to appellee's suit, without stating the facts upon which such defense rested, was but the statement of a mere conclusion on the part of appellant; but, whether so or not, we have no doubt that the other essential element, that is, the requirement that the motion to set aside

the judgment should have acquitted appellant of negligence, was absent from the motion. As a general rule, the setting aside of a default judgment is a matter that rests in the sound discretion of the trial court (Belknap v. Groover, 56 S. W. 249; Watts v. Bruce, 31 Tex. Civ. App. 347, 72 S. W. 258; Railway Co. v. Kelly, 83 S. W. 855); and the rule is well settled in this state to the effect that a defendant cannot successfully complain of the refusal of a trial court to set aside a default judgment against him without showing in his motion therefor that the judgment was not the result of a negligent failure on his part, and also that he had a meritorious defense to the plaintiff's claimed cause of action. Both of these must concur, and the facts, and not conclusions of the pleader, should be stated. Texas Fire Ins. Co. v. Berry, 33 Tex. Civ. App. 228, 76 S. W. 219; Flanagan v. Holbrook, 60 S. W. 321; Railway Co. v. Davidson, 25 Tex. Civ. App. 134, 60 S. W. 278.

We have examined other contentions made by appellant in this court; but, finding no error that could reverse the judgment, they are overruled, and the judgment affirmed, and it will be so ordered.