## TEXAS INDEMNITY INS. CO. v. RICE.
### (No. 1211.)

(Court of Civil Appeals of Texas. Beaumont. April 10, 1925. Rehearing Denied April 22, 1925.)

1. **Judgment** ⬅️143(3)—**Defendant moving to vacate default held not diligent.**

It was not an abuse of discretion to refuse to vacate default, occasioned by failure of general agent, who attended to defendant's litigation of the class of the instant case, to receive a letter containing citation and copy of petition, where defendant's officer who mailed the letter did not inquire of general agent concerning the litigation during the 42 days elapsing between mailing the letter and entry of default.

2. **Appeal and error** ⬅️957(1)—**Refusal to vacate default not reversible unless discretion is abused.**

Appellate court will not reverse a refusal to vacate a default judgment, unless it appears from the motion that the court abused its discretion.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Motion by the Texas Indemnity Insurance Company to vacate a default judgment entered against it by J. Rice. From order and judgment denying motion, movant appeals. Affirmed.

Minor & Minor, of Beaumont, for appellant.

Howell & Stephenson, of Beaumont, for appellee.

HIGHTOWER, C. J. The appellant, Texas Indemnity Insurance Company, prosecutes this appeal from an order and judgment of the Fifty-Eighth district court, Jefferson county, refusing to set aside and vacate a judgment by default against it in favor of the appellee for the sum of $5,895.46.

The controversy grows out of the following facts:

On June 13, 1923, the appellee, Rice, was an employee of the Magnolia Petroleum Company near the city of Beaumont in Jefferson county, and on that day Rice, while in the course of his employment, sustained in-

juries in falling to the steel floor of one of the Magnolia Company's storage tanks on which Rice was working. The Magnolia Petroleum Company at that time carried a policy of insurance with appellant, covering its employees, including the appellee, under the Employers' Liability Act of this state (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91). After the injuries were sustained by appellee, all necessary notices were given to all parties concerned, and appellant paid compensation to appellee on account of such injuries for a period of 52 weeks at the rate of $20 per week, and declined to pay to appellee further compensation after that period of time. Thereupon, after due and legal notice to all parties concerned, appellee filed his claim with the Industrial Accident Board of this state for further compensation, claiming permanent total incapacity in consequence of such injuries, and, after a hearing before the board, an award was made allowing appellee additional compensation at the rate of $6.05 per week for a period of 148 weeks. Thereupon appellee gave due and proper notice that he would not abide by the award of the board, claiming that his injuries had permanently and totally incapacitated him, and thereafter filed this suit to set aside the board's award. He alleged in his petition, substantially, permanent and total incapacity in consequence of his injuries, and that he was entitled to compensation under the Employers' Liability Act of this state for a period of 401 weeks at the rate of $20 per week from the date of the injuries sustained by him. He admitted in his petition that he had already been paid by appellant the sum of $1,040. He prayed for judgment against appellant in the sum of $5,895.46, and prayed that this amount be awarded him in a lump sum; he already having stated in his petition the facts upon which the prayer for a lump sum was based. The suit was filed July 31, 1924, and citation duly issued to appellant on August 1, 1924, and was served upon appellant's treasurer, at its general office in the city of Galveston, Galveston county, Tex., on August 4, 1924, and the writ was accompanied by a certified copy of the plaintiff's petition, and appellant was commanded by the writ to appear at the September term of the district court, which convened on September 15, 1924. Appellant did not appear in answer to the writ of citation, and no answer was filed by it. On appearance day of the term, September 16, 1924, an interlocutory judgment by default was rendered in favor of appellee against appellant for $5,895.46, and a writ of inquiry was awarded, and on October 6, 1924, the writ of inquiry was heard by the trial judge and the interlocutory judgment in favor of appellee was made final, with the further provision that it bear interest from the date of rendition at the legal rate.

On October 8, 1924, appellant filed a motion in the trial court praying that the judgment by default be set aside and that it be permitted to file an answer to the plaintiff's petition, which it tendered along with the motion, and the motion, having been heard on the 17th day of October thereafter, was by the trial court overruled; hence this appeal.

[1] It is appellant's contention, advanced by several propositions, that the trial court's judgment should be reversed because that court abused its discretion in failing and refusing to set aside the judgment by default. The appellant contends that its failure to file an answer in the trial court before the default was occasioned or caused by mere accident, and that appellant was in no manner delinquent or at fault, and that since its motion showed a meritorious defense to plaintiff's cause of action, and since it appeared therefrom that the trial of the case on its merits would not be materially delayed, the trial court was in error in overruling the motion, and that this court should reverse and remand.

We will concede that the allegations of the motion to set aside the default judgment were sufficient from the standpoint of showing on its face a meritorious defense to the plaintiff's cause of action, but we have reached the further conclusion that appellant's motion does not acquit appellant of negligence in failing to file an answer to this suit. The facts bearing upon this point may be substantially stated as follows:

Appellant has its principal office in the city of Galveston, Galveston county, Tex., and the citation in this case was served upon its treasurer at Galveston on the 4th day of August, 1924, as we have before stated, and the motion shows that one C. S. Kuhn, appellant's assistant secretary in the city of Galveston, on the following day mailed the citation and certified copy of the plaintiff's petition to Messrs. Craddock & Smith in the city of Dallas, Tex. The motion shows that Messrs. Craddock & Smith are the general agents of appellant in handling compensation cases where the Magnolia Petroleum Company is involved, and that according to the usual custom and routine of appellant's business in such cases as this, the citation and copy of the petition was forwarded by the Galveston office to these general agents at Dallas. The motion further shows that the citation and copy of plaintiff's petition were not received by Craddock & Smith, and did not reach their office in the city of Dallas, and that if the citation had reached that office, that firm would have at once sent the citation to appellant's attorneys in the city of Beaumont, with instructions to file an answer for appellant, and that appellant's attorneys would have filed an answer for it. There are several affidavits attached to the mo-

tion, two of them made by the general manager and assistant manager in the office of Craddock & Smith at Dallas, and another affidavit made by Mr. Kuhn of the Galveston office. The general manager of Craddock & Smith in the Dallas office, who is Mr. W. V. Westerlarge, states, in substance, that the citation in question never reached the office of Craddock & Smith, but that if it had he would have forwarded it at once to the Beaumont attorneys. The assistant manager of Craddock & Smith's office, Miss Elizabeth Martyn, stated, in substance, that the citation and copy of petition did not reach Craddock & Smith's office in Dallas, but that if it had it would have been at once forwarded to the Beaumont attorneys for attention. In other · words, the affidavits of Mr. Westerlarge and Miss Martyn are to the effect that Craddock & Smith never at any time received the citation in this case or copy of the plaintiff's petition, and that in consequence of their failure to receive the citation, no answer was filed for appellant in this case. Mr. Kuhn in his affidavit states positively that he mailed the citation to Craddock & Smith, as we have above stated, on the next day after service on the Galveston office. There was attached to Mr. Kuhn's affidavit what purports to be a carbon copy of a typewritten letter with which the citation and copy of plaintiff's petition were inclosed; the purported copy of letter reading as follows:

"Messrs. Craddock & Smith, Dallas, Texas—Gentlemen: Re T. I. C. 11651—J. Rice v. Magnolia Petroleum Co. We now beg to hand you herewith citation in connection with suit in the above-styled case, notice of appeal having previously been sent you on July 30th.

"Kindly keep us advised.

"Very truly yours,          C. S. Kuhn,
                              "Assistant Secretary."

There was no showing by the motion that this letter containing the citation and copy of plaintiff's petition was sent by registered mail to Craddock & Smith's office at Dallas, and there is no showing by the motion or any affidavit that any inquiry was made by Mr. Kuhn or any one in the Galveston office or Craddock & Smith's office as to whether the citation had been received; nor is there any showing that the Galveston office notified or in any manner attempted to notify the Beaumont attorneys of the receipt of the citation. It is manifest that after Mr. Kuhn mailed the citation, if he did, to Craddock & Smith at Dallas, no further attention was paid to the matter by the Galveston office, and although, as shown by the purported carbon copy of the letter which we have just quoted accompanying the citation to Craddock & Smith, Mr. Kuhn had asked those general agents to keep the Galveston office advised, there was nothing shown in connection with the motion to indicate that the Galveston office made any further inquiry

whatever of Craddock & Smith about the citation or about what that firm had done in the matter. Thus it appears that approximately 42 days had elapsed since Mr. Kuhn mailed the citation to Craddock & Smith at Dallas before the judgment by default was rendered in this case, and since Mr. Kuhn's letter was written, if one was written, asking Craddock & Smith to keep the Galveston office advised in the matter, and it seems to us that in a matter of this importance, where a considerable sum of money was sought to be recovered by the plaintiff, ordinary diligence and prudence required that appellant's Galveston office should have paid more attention to the manner in which the citation in this case was handled out of that office. If they deemed it reasonably safe to send the citation to Craddock & Smith by ordinary mail, without registration, still it occurs to us that in a matter of this importance, when they failed to receive a reply from Craddock & Smith within a reasonable time acknowledging receipt of the citation, they should have followed their letter to Craddock & Smith at Dallas by further inquiry about the matter. If they had done so—and they had, as we have stated, approximately 42 days in which to trace this citation—it is manifest that the loss of the citation, if it was lost, would have been discovered in time to have prevented the judgment by default in this case.

There is no showing by the motion or by any affidavit accompanying the motion that appellant's general agents at Dallas, Craddock & Smith, did not know of the actual pendency of this suit, even if they did not receive the citation by mail; nor is there any showing that appellant's attorneys at Beaumont did not know of the pendency of the suit; but the whole contention is that Craddock & Smith did not receive the citation, and that they therefore did not notify appellant's Beaumont attorneys to file an answer. Of course, appellant was not required to file an answer until served with citation, but in determining whether the trial court abused its discretion when it refused to set aside the default judgment, we think that the failure of the motion to show that appellant's agents and attorneys did not know of the pendency of the suit may be considered. But whether we are correct as to this or not, we repeat that appellant's Galveston office did not acquit its agents of negligence in the manner in which the citation in this case was handled, or at least we are not willing to hold that the trial court abused its discretion in so holding.

Able counsel for appellant in their brief call this court's attention to the case of Green v. Cammack, 248 S. W. 741, decided by this court, the opinion being by the present writer, and counsel claim that our holding in that case is authority in support of

their, contention here that sufficient excuse was shown for the failure to file an answer in this case. They quote our language in the Green Case as follows:

"Now, what is the rule in this state governing an application to vacate a judgment and grant a new trial where the judgment against the defendant was rendered upon an ex parte hearing? It seems that the rule, as announced by practically an unbroken line of decisions, is that if the application shows some excuse for the defendant's failure to be present at the trial, and further shows a meritorious defense to the plaintiffs' cause of action, it should be granted, unless to do so would materially prejudice the plaintiffs' rights in some way. The appellate courts have been very liberal in applying this rule, and have often reversed trial courts for ignoring it"—citing authorities.

Now counsel argue that they have shown some excuse, because they say they have shown that the citation in this case miscarried in the mail, and that but for that miscarriage the appellant would have filed its answer in this case. In the Green Case, when we used the expression "some excuse," we meant, of course, as shown by the authorities cited in that opinion, that the motion should show some reason for their failing to file the answer, which reason or excuse was not attributable to the defendant's negligence. Therefore, our opinion in the Green Case is not at all in conflict with the views we have thus far expressed in the instant case. In the Green Case the failure of the defendants' attorney to be present at the trial was clearly excusable, as will be shown by the facts stated in that opinion, and we did there hold that the trial court abused its discretion when it failed to set aside the judgment rendered upon ex parte hearing. It was not a default judgment, however, because the defendants there complaining had an answer on file for several terms of the court previous to the term at which the ex parte trial was had, and it was not on account of any neglect on the part of the defendants or their attorney in that case to be present at the trial.

[2] It is the well-known rule in this state, as shown by the authorities, that unless it be shown by the motion to set aside a default judgment that the trial court abused that sound discretion vested in that court in refusing the motion, the appellate courts will not reverse. We cannot say here that the trial court, upon the facts of this case, abused its discretion. Schultz v. Buck (Tex. Civ. App.) 227 S. W. 700, and authorities there cited. We might say at this point that the record in this case is without a statement of facts and all the showing we have touching the question of the abuse of the trial court's discretion is what is stated in appellant's motion, accompanied by 'the attached affidavits, as we have set out above.

It is also quite probable, in our opinion, that, judging from the allegations contained in the plaintiff's petition in this case and the recitations found in the trial court's judgment as to the extent of his injuries, the judgment in this case is not greatly excessive, if any.

Upon the whole, we are of the opinion that it is our duty to affirm the trial court's judgment, and it has been so ordered.