THOMAS v. GOLDBERG et al.   (No. 334.)

(Court of Civil Appeals of Texas. Waco. April 8, 1926.)

1. Judgment ⬅145(2)—Diligence and meritorious defense, which defendant was prevented from making, without fault or negligence on his part, must be pleaded and proved on motion for new trial, where default judgment is not void on face.

If default judgment is not void on face, diligence and meritorious defense, which defendant was prevented from making by fraud, accident, or acts of opposite parties, without fault or negligence on his part, must be pleaded and proved on motion for new trial.

2. Appeal and error ⬅957(1)—Judgment ⬅139—Granting or refusing motion to set aside default judgment, valid on face of record, is within discretion of trial court, whose action will not be disturbed, unless abuse of discretion is shown.

Granting or refusing motion to set aside default judgment, valid on face of record, is addressed to discretion of trial court, whose action will not be disturbed by appellate court, unless abuse of discretion is shown.

3. Judgment ⬅138(2), 145(1)—Defendant, failing to file answer because of unsuccessful efforts to employ attorney without payment of retainer, held not to have shown diligence or meritorious defense, entitling him to have default judgment set aside.

Defendant, having actual knowledge of pendency of suit nearly three months before trial, entering appearance by filing plea to jurisdiction, which was overruled, filing answer, which was later withdrawn, and filing no answer before trial two months after appearance day, in consequence of unsuccessful efforts to employ attorney on contingent basis without paying retainer fee, *held* not to have shown diligence or meritorious defense, entitling him to have default judgment set aside.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by Ida Mae Goldberg and another against Morris Thomas and others. From an order overruling the named defendant's motion for new trial, after default judgment against him, he appeals. Judgment affirmed.

Witt, Terrell & Witt, of Waco, for appellant.

James P. Alexander, Alva Bryan, W. L. Eason, Spell, Naman & Penland, and W. R. Pooge, all of Waco, for appellees.

STANFORD, J.  Mary Goldberg and husband, J. Goldberg, lived in Waco, Tex., for many years. After the death of her husband, Mary Goldberg, while still living in Waco, Tex., on May 26, 1923, made a will bequeathing to her nieces, Ida Mae, Sophie, and Estelle Goldberg, children of H. D. and Ray Goldberg, $1,000 each; also to Mrs. Jacob White of Albany, N. Y., a sister, $1,000; also to Adele Schwartz and Esther Grand of· Kerem, Jerusalem, her sisters, $1,000 each; also made bequests to several religious and charitable institutions. J. Berkman of Waco, Tex., was named as executor of said will. Her property consisted principally of vendor lien notes and others notes, all of which, together with said will, were left in the possession of J. Berkman, the executor named in the will, and Mrs. Goldberg started on her way to Jerusalem, going by way of New York. While in New York she married Morris Thomas, and on or about February 15, 1924, she died at Albany in the state of New York, being at the time of her death the wife of Morris Thomas. The will was duly probated in the county court of McLennan county, inventory and appraisement returned, and J. Berkman qualified as executor.

This suit was instituted by Ray Goldberg as guardian of the person and estate of Sophie and Estelle Goldberg, minors, and Ida Mae Goldberg, in her individual capacity, against J. Berkman, as executor of the estate of Mary Goldberg Thomas, deceased, and Mrs. Jacob White and others, as legatees in said will of the said Mary Goldberg Thomas, and also against Morris Thomas, her surviving husband, who was claiming some interest in said estate situated in Texas. The suit was to determine the respective rights of the parties and for partition. All of the nonresidents, including Morris Thomas, were cited by publication. The suit was made returnable to the July term of the Nineteenth district court, beginning July 6, 1925. The case was set for trial September 8th. Morris Thomas had entered his appearance in said cause, but failed to appear in person or by attorney when the case was called and tried on September 8, 1925. Morris Thomas filed a motion for a new trial, and on October 30, 1925, filed an amended motion for new trial and on the same day appellees filed an answer to said amended motion for new trial. The court heard evidence on appellant's amended motion for new trial and appellees' reply thereto, and overruled appellant's said motion on October 30, 1925, and appellant, Morris Thomas, assigns error to the action of the court in refusing to grant him a new trial.

### Opinion.

As above stated, the suit was filed May 29, 1925, returnable to the July term of court, beginning July 6, 1925. Service of citation was

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

duly had on appellant, Morris Thomas, by publication. The record indicates that appellant had employed attorneys in Albany, N. Y., to represent him in reference to his claim to the property left by his deceased wife, Mary Goldberg Thomas, in Albany, N. Y., consisting of about $1,100 cash in a bank there; also jewelry of the value of about $1,000, as well as his claim to the estate of said deceased in Texas; and that said attorneys were in correspondence with an attorney in Waco before this suit was filed, as early as March 7, 1925, with a view of recovering appellant's claimed interest in the Texas property, and said correspondence with this attorney continued until June 20, 1925, the employment of said Waco attorney finally being refused because he demanded a retainer fee of $50. The record clearly shows that on June 19, 1925, appellant and his New York attorneys had actual knowledge of the pendency of this suit, and were familiar with the status of the estate in Texas, and on said date began correspondence with another attorney in Waco with view of employing him to represent appellant in this state, and did employ said attorney, and said attorney filed a plea to the jurisdiction, under the advice and at the request of the New York attorneys. On July 25, 1925, appellant's said Waco attorney notified appellant and his New York attorneys that the court had recessed for the summer vacation until September 1st, so they would have time to prepare for trial, and in the same letter advised them that he desired a fee of $100 to cover costs, expenses, and a small retainer, and that he was drawing a draft on them for said amount. Payment of this draft was refused. On August 18th said Waco attorney again wrote appellant's New York attorneys, advising them the court would reconvene on September 7th, and the case would be set for trial then. Appellant and his New York attorneys made no reply to either of these letters of July 25th or August 18th, until August 24th, when they replied, severally criticizing their Waco attorney, and informing him that they did not propose to send him a fee for his services; that his fee should be paid out of a recovery in the case, etc. Upon the receipt of this letter said Waco attorney, on August 29th, informed said New York attorneys that he would no longer represent appellant in the case, and advised said New York attorneys to at once, as they had suggested, get other counsel in Waco. This letter was received by the New York attorneys on September 1st. On September 2d appellant's New York attorneys wrote another, being the third attorney in Waco, with a view of employing him, but this attorney was out of the city, and did not receive said letter until after the case was tried on September 8, 1925. In this letter appellant's attorneys said:

"If you are not disposed to take this kind of a case on a contingent basis, perhaps you will advise us as to some other good, reliable lawyer who will."

[1-3] Appellant filed no motion for new trial until September 30th, three days before court adjourned by operation of law. There is no showing that appellant had any defense, except the allegations of his motion for new trial, and said motion was not sworn to or supported by affidavit. The rule with reference to motions to set aside judgments by default and for new trials appears to be the same as a bill in equity to set aside such judgments, with reference to showing a want of negligence and a meritorious defense. Where the record on its face shows the judgment is void, it is not necessary to show diligence and a meritorious defense, but, if not void on its face, then it is necessary to plead and prove such facts. Sharp v. Schmidt, 62 Tex. 263; August Kerns v. Freeze, 74 S. W. 303, 96 Tex. 513; Western Lbr. Co. v. C. R. I. & G. Ry. Co. (Tex. Civ. App.) 180 S. W. 644. The judgment in this case on the face of the record appears to be valid. The granting or refusing of appellant's motion to set aside the default judgment in this case was a matter addressed to the discretion of the trial court, and this court has no authority to disturb the action of the trial court, unless it is made to appear that said court abused such discretion. Gillaspie v. Huntsville (Tex. Civ. App.) 151 S. W. 1114; Lee v. Zundelowitz (Tex. Civ. App.) 242 S. W. 279. Before appellant was entitled to have said judgment set aside and a new trial awarded, it was incumbent upon him to show a clear case of diligence, as well as a meritorious defense—to show that he had a good defense, which he was prevented from making by fraud, accident, or the acts of the opposite parties, wholly unmixed with any fault or negligence on his part. Nevins v. McKee, 61 Tex. 412; Morris v. Edwards, 62 Tex. 209; Clegg v. Darragh, 63 Tex. 357; Bailey v. Boydstun (Tex. Civ. App.) 33 S. W. 283; Ames Iron Works v. Chinn, 49 S. W. 665, 20 Tex. Civ. App. 382; Texas Fire Ins. Co. v. Berry, 76 S. W. 219, 33 Tex. Civ. App. 228; Martin v. Clements (Tex. Civ. App.) 193 S. W. 437; McCaskey v. McCall (Tex. Civ. App.) 226 S. W. 432; Miller v. Bank (Tex. Civ. App.) 184 S. W. 614. There is no contention that there was any fault on the part of any one of the appellees that in any way misled appellant as to when the case would be tried or in any way prevented appellant and his attorney being present. Appellant had actual knowledge of the pendency of the suit nearly three months before it was tried. He entered his appearance in said cause by filing a plea to the jurisdiction, which was overruled, and also by filing an answer, which was later withdrawn. It was appellant's duty to have his answer filed on appearance day, July 7th, but there was no answer on file, even when the case was tried, September 8th, and none appears in the record, so there was no evidence before the

court of what his defense was, except the unverified allegations of his motion. Western Lbr. Co. v. C. R. I. & G. Ry. Co. (Tex. Civ. App.) 180 S. W. 644.

Appellant contends that the cause of his not being represented on the trial was that the attorney employed by him was not physically able to be present and attend to the case, but the record discloses this was not the cause of said attorney not being present, for said attorney withdrew from the case some ten days before it was tried, because appellant refused to pay him a retainer fee, and so notified appellant. We think the record clearly indicates that the cause of appellant's being without counsel was that he was unwilling to pay an attorney for his services. In their letter written September 2d to the third Waco attorney, only about a week prior to the date they knew said case was set for trial, appellant's New York attorneys were still trying to get some lawyer without paying him a fee, and said:

"If you are not disposed to take this kind of a case on a contingent basis, perhaps you will advise us of some other good, reliable lawyer who will."

Appellant had already had nearly three months to get an attorney, and it was not the duty to grant him further time to see if he could get a lawyer without paying him a retainer.

We think appellant failed to make the proper showing of either diligence or merit in his claim of an interest in said estate in Texas, and that the action of the trial court in overruling his motion is amply supported by the record. The judgment of the trial court is affirmed.