## HOOSER v. WOLFE.

No. 7477.

Court of Civil Appeals of Texas. Austin.

June 25, 1930.

L. B. Otey and McGown & McGown, all of Fort Worth, and Webster Atwell, of Dallas, for appellant.

Leake, Henry, Wozencraft & Frank, of Dallas, for appellee.

BLAIR, J.

Appellant sued in the nature of a bill of review to set aside a default judgment rendered against him in favor of appellee about two months after its rendition and after the expiration of the term of court at which it was rendered, alleging as reason or excuse for not having filed an answer in the case, that when he was served with citation he gave the same to his secretary with instructions to take it to his attorney and request him to file an answer; but that the secretary "forgot about said citation and same was never brought to the attention of" his attorney, and for that reason no answer was filed. The trial court refused to set aside the default judgment on the ground that appellant failed to show any valid or sufficient reason or excuse for not having filed an answer in the case; hence this appeal.

We sustain the action of the trial court because the motion or petition of appellant affirmatively shows that his failure to file an answer in the case was due to the inexcusable negligence of himself or his secretary which will be imputed to him. The law is well settled that in order to set aside a default judgment rendered at a term which has expired, it must be shown that the failure to file an answer and defend the suit was not due to the mistake or negligence of any one whose negligence will be imputed to the party against whom the judgment is rendered. Davis v. Darling, 20 Tex. 803; Ames Iron Works v. Chinn, 20 Tex. Civ. App. 382, 49 S. W. 665; Stringer v. Robertson (Tex. Civ. App.) 140 S. W. 502; Booker v. Coulter (Tex. Civ. App.) 151 S. W. 335; Welsch v. Keeton (Tex. Civ. App.) 287 S. W. 692; Thomas v. Goldberg (Tex. Civ. App.) 283 S. W. 230; Tex. Indemnity Co. v. Rice (Tex. Civ. App.) 271 S. W. 134; Bray v. Bank (Tex. Civ. App.) 10 S.W.(2d) 235; Oldham v. Heatherly (Tex. Civ. App.) 17 S.W.(2d) 113.

This conclusion renders unnecessary a decision on the question of whether appellant also alleged a meritorious defense to the suit in which the judgment was rendered; and the judgment of the trial court is affirmed.

Affirmed.