Clute v. Ewing.

## J. R. CLUTE v. J. L. EWING.

An application to set aside a verdict and judgment, where there is no error in law, is an equitable appeal to the sound discretion of the Court trying the cause.

Where the defence was in the nature of reconvention or cross action, the application was rightly refused, where it was not shown that the defendant was in danger of losing the debt which he sought to set off.

Error from Nacogdoches. Tried below before Hon. A. W. O. Hicks.

The grounds relied on for a new trial are stated in the Opinion ; the other facts are not material.

*H. C. Wallace*, for plaintiff in error. I. A Court of Equity will grant a new trial whenever the defendant is deprived of a fair trial by fraud, accident, or surprise. (Terrell v. Dick, 1 Call. 546.)

II. A Court of Equity will occasionally relieve, by way of new trial when the Common Law gives no remedy, or judgment has been obtained by surprise or inadvertence. (Foushee v. Lea, 4 Call. 279 ; Price's Ex'or v. Fuqua's Adm'r, 4 Munf. 68.)

In Vattier v. Zane, (6 Grattan, 246,) the loss of a paper, material to the defence, was held sufficient reason for opening the judgment in equity.

III. Where an application for a new trial discloses a good defence, and shows that the defendant was unable to make it on the former trial for want of notice, held that a new trial should have been granted. (Mussina v. Moore, 13 Tex. R. 7.)

In 8 Tex. R. 189, newly discovered testimony was held suffi-

cient ground for new trial; and see 9 Tex. R. 501, and see also Dorn v: Best, (15 Tex. R. 62,) where the party was prevented by sickness from being present at the trial.

Where it is evident from all the facts attending a case, that by the ruling of the Court, in progress of trial, a party was cut off from trying his cause on the merits, or deprived of any other right, though, in strictness, the ruling may have been correct, yet if it is made to appear that the default of the party was not inexcusable, and he presents a *prima facie* case of merits, he ought to be allowed a new trial. (Chambers v. Fisk, 15 Tex. R. 335.)

*H. C. Hancock*, for defendant in error.

ROBERTS, J. An application to set aside a verdict and judgment, when there is no error in law, is an equitable appeal to the sound discretion of the Court trying the cause. We cannot say that discretion has been improperly exercised in this case.

The defence, which defendant below claimed the benefit of, was in the nature of a reconvention or cross-action; he had not pleaded it before the trial, but another and different defence, to-wit: that the note was too much by mistake.

It was not shown that he was in danger of losing the debt, which he sought to set off.

His excuse for being absent from Court, when the cause was called for trial, was not such as the Court was bound to recognize. Litigants must not be allowed to depend upon their own judgment as to when their cause will be reached, and if they should be mistaken, then be encouraged in seeking relief; unless under peculiar circumstances of hardship or injury, and even then much, in such a case, must depend upon the discretion of the Court.

The excuse that he was in attendance upon his own Court,

Clute v. Ewing.

as Justice of the Peace, on the day judgment was rendered, addressed itself strongly to the courtesy of the Judge. Yet, the Judge might not feel himself warranted in the self-gratification of extending it, by withholding from another person a positive right. Citizens, who bear the double burthen of both public and private duties, must exercise the circumspection to anticipate and provide for the possible contingency of their conflict. (Houston v. Jennings, 12 Tex. R. 487.)

The reference to arbitrators was made at the Term before; they had reported and referred the case back, upon the ground that the parties had not agreed upon the terms of arbitration; and defendant in error had made and filed a motion to discharge the reference. The case then was really not before the arbitrators, and had not been for six months. The affidavit states that notice of this motion had not been served on him; but he does not state that he did not know that the motion had been made. It would certainly have been negligence in him not to have known it, considering that he had been in attendance upon the Court nearly a week, and must have known, for months before, that his case was in no condition to be acted on by the arbitrators, and he does not state that he had any expectation whatever of its being arbitrated.

The motion, in this case, of which he complains, that notice was not served on him, had relation to the mode of trial, and knowing that the parties had failed to agree upon the terms of arbitration, he should have expected and looked for such a motion, unless he knew that the suit against him had been abandoned, of which there is no pretence even.

This motion is entirely unlike that in the case of Houston v. Robert's Ex'or, cited from 1 Tex. R. 523, and relied on by counsel to show that notice thereof should have been served on him. In that case, the motion was for a rule for security for costs, entered after the cause was regularly continued. Non-compliance with the rule for sixty days worked a forfeiture, according to the terms of the Statute then in force,

It was shown too that the plaintiff and his attorney had no knowledge of the motion until long after the expiration of the sixty days. Under these circumstances it was held that dismissing the suit for non-compliance was error.

The motion in this case could produce no such consequences, and having direct relation to the further progress of the cause, should have been expected, and was not, under all the circumstances, calculated to take him or his attorneys by surprise.

We must presume that had it been made to appear that he would sustain serious loss, on account of the insolvency of the plaintiff below, or the like, the Court would have sustained the motion to set aside the judgment and grant a new trial upon reasonable terms, although he had not shown full diligence in attending to his case.

Judgment affirmed.