MISSOURI, KANSAS & TEXAS RAILROAD COMPANY OF TEXAS v.
T. D. DAVIDSON.

Decided January 9, 1901.

**1.—Judgment by Default—Failure to Answer—Diligence.**

No sufficient excuse for failure to file answer appears from the fact that the general attorney of a railway sent the citation to the attorneys charged with the defense of the case three days before appearance day, and in time to file answer but for unforeseen contingencies which prevented it, where it appeared that citation had been served and received by such general attorney twelve days before appearance day.

**2.—Railway—Flood—Extraordinary Rainfall.**

A railway company is not excused from liability for overflow of land and destruction of property due to the presence of its embankments by the fact that it proceeded from an extraordinary and unusual rainfall; the rainfall must be unprecedented or it was the company's duty to anticipate and guard against it.

**3.—Value—Intrinsic—Market—Pleading.**

A general allegation that articles were of a named value is sufficient to permit proof that they had no market value and evidence of their intrinsic value.

**4.—Evidence—Opinion—Value.**

Opinions as to value are not properly expert evidence, and the evidence of a witness who had not seen the household goods in question, based on a description and his knowledge of the value of such goods generally, is not admissible.

**5.—Damages—Excess—Remittitur—Costs.**

Though a judgment for $390 was reduced and reformed in accordance with appellant's remittitur of the sum of 80 cents, so slight an excess did not justify taxing the costs of the appeal against appellee.

Appeal from the County Court of Williamson County. Tried below before W. F. Robertson.

The citation in this case was served on defendant's local agent May 22; received by its general attorney at Dallas May 23; sent by him, after employing the interval in having investigation made of the facts, to local attorneys at Bastrop who were to defend the case, at 5:50 p. m. on Saturday, June 2, being delayed in transit; and the motion to set aside default detailed their unsuccessful efforts to procure, by telephone, an attorney at Georgetown to file answer before default was taken, which was on appearance day, the morning of June 5.

*Brown, Lane & Garwood* and *Paul D. Page,* for appellant.

*W. H. Nunn* and *W. W. Nelms,* for appellee.

KEY, ASSOCIATE JUSTICE.—Suit for damages; judgment by default and damages subsequently assessed by a jury. Defendant has appealed. On the points presented for decision, we hold:

1. No error was committed in overruling the motion to set aside the judgment by default. The citation was served thirteen days before appearance day, the day on which the judgment by default was rendered, and, if it be conceded that the attorneys who presented the motion and represent appellant in this court exercised sufficient diligence, we can not hold that other agents and representatives of appellant were not guilty of negligence in reference to filing an answer. The citation went into the hands of the general attorney twelve days before appearance day, and no sufficient excuse is shown for his failure to file an answer or place the matter in the hands of other attorneys in time for them to file an answer. Besides, the defense set up in the motion was insufficient. It did not state that the flood which caused the injuries complained of by the plaintiff was unprecedented, but denominated it an extraordinary and unusual rainfall or flood. This was not sufficient. The law requires railroads in the construction of their roadbeds to guard against all such floods as may be anticipated, though some of them may be extraordinary and unusual. Railway v. Pomeroy, 67 Texas, 498.

2. We do not think the court erred in permitting the appellant to

prove the intrinsic value of the property lost. The petition alleged in general terms that the various articles were of the value of so many dollars. This did not limit the plaintiff to proof of market value; and, having proved that the property had no market value, proof of its intrinsic value was admissible.

3. The court did not err in excluding the proffered testimony of S. M. Strayhorn. It was not competent for him to give his estimate of the amount of the plaintiff's loss. Such testimony is not in any proper sense expert evidence. It was not proposed to prove by the witness that he had seen the property and had knowledge of its value.

4. We do not feel justified in holding that the verdict is excessive, except to the extent of 80 cents, and· for this amount the appellee has filed a remittitur. It is true, the plaintiff testified that some of the furniture for the value of which the suit was brought had been in use by himself and family for several years, and was worth as much at the time of its loss as he paid for it; and while there may be an air of improbability about this statement, we do not feel justified in holding that it was necessarily false. Just how much a particular article of furniture is worth to the family owning and using it may, in many instances, be difficult to determine; and in all instances value is largely a matter of opinion. Besides, it was not shown that the plaintiff paid full value for the articles when he bought them. If he bought them for half their value, it is not unreasonable to conclude that they were worth the amount he paid for them at the time they were destroyed.

The judgment will be reformed so as to reduce the plaintiff's recovery to 80 cents less than the amount stated in the judgment. However, as this excess is so slight, we do not think it should have any bearing on the question of costs; and therefore the costs of the appeal will be taxed against appellant.

*Reformed and affirmed.*