## JEANS v. LIQUID CARBONIC CO.
### (No. 5394.)

(Court of Civil Appeals of Texas. Austin. Oct. 28, 1915.)

1. JUSTICES OF THE PEACE ⟐⟿44—JURISDICTION—AMOUNT IN CONTROVERSY.

A justice's court had jurisdiction of a suit for the conversion of a soda fountain alleged to be worth $350, where plaintiff alleged his damage to be only $199.50 by reason of his indebtedness to the defendant in the sum of $180, with interest thereon, to secure the payment of which defendant held a mortgage on the soda fountain, as plaintiff's damage, if any, was less than the amount alleged, $199.50.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. ⟐⟿44.]

2. JUSTICES OF THE PEACE ⟐⟿175—APPEAL—EVIDENCE—ACTUAL VALUE.

In an action for the conversion of a soda fountain, the reasonable value of which was alleged to be $350, evidence of its actual or intrinsic value was admissible on appeal to the county court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 694–698; Dec. Dig. ⟐⟿175.]

Appeal from McLennan County Court; Geo. N. Denton, Judge.

On motion for rehearing. Motion granted. Former judgment of dismissal set aside, and cause reversed and remanded for new trial.

For former opinion, see 173 S. W. 643. See, also, 178 S. W. 1020.

James E. Yeager, of Waco, for appellant. Harry P. Jordan and R. L. Neal, both of Waco, for appellee.

JENKINS, J. At the last term of this court we dismissed the appeal herein upon the ground that the amount in controversy was in excess of the jurisdiction of the justice's court, where the case originated. As we construed the appellant's pleadings, the suit was for the value of a soda fountain of the alleged value of $350, alleged to have been converted by appellee. We overruled appellant's motion for a rehearing, but subsequently, on our own motion, set aside our judgment on said motion and continued the same to the present term of this court.

[1] We have concluded that we were in error in dismissing the appeal herein. While it is true that appellant alleged the value of the soda fountain to be $350, he alleged his damage, by reason of such conversion, to be only $199.50. This by reason of the fact that he was indebted to appellee in the sum of $180, with considerable interest thereon, to secure the payment of which appellee held a mortgage on said soda fountain, so that the amount of damages suffered by appellant, if any, by reason of the alleged conversion of the soda fountain, was less than the amount which he alleged, viz., $199.50.

[2] Appellee did not raise the question of jurisdiction in either the justice or the county court. Appellant recovered judgment in the justice's court for $95.60. Upon the trial of the case in the county court appellant offered to prove the actual or intrinsic value of the soda fountain, to which appellee objected, for the reason that, appellant having alleged the "reasonable value," he was limited to proof of the "market value." The court sustained the objection. This was error. The allegation of reasonable value is sufficient to admit evidence of the actual or intrinsic value, especially under the liberal rules of pleading in justices' courts and in county courts in cases appealed from justice courts. Railway Co. v. Davidson, 25 Tex. Civ. App. 134, 60 S. W. 278.

On account of the refusal of the court to admit said evidence, the appellant's motion for a rehearing is granted, our former judgment of dismissal herein is set aside, and this cause is reversed and remanded for a new trial.

Motion granted. Judgment reversed, and cause remanded.

---

⟐⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes