## FAY v. ROBERTS.   (No. 6909.)

(Court of Civil Appeals of Texas.   San Antonio.   March 14, 1923.   Rehearing Denied March 28, 1923.)

Judgment ⊜~139—No abuse of discretion in denying motion to set aside default.

Where a case called during the regular term was set by agreement for trial on a day certain, on which day the defendant defaulted, but the next day appeared and moved to set aside the default and for a new trial, alleging his inability to get to court for trial because of illness, and inclement weather and danger to his health, *held*, there was no abuse of discretion in the trial court in denying his application.

Appeal from District Court San Patricio County; T. M. Cox, Judge.

Action by A. R. Roberts against Edward J. Fay. From a judgment by default and an order denying his motion for new trial, defendant appeals. Affirmed.

James G. Cook, of Sinton, for appellant.
J. C. Russell, of Sinton, for appellee.

⊜~For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

COBBS, J. This suit was instituted by A. R. Roberts, as plaintiff, against Edward J. Fay, defendant and appellant, and the sureties on a replevy bond filed in a distress proceeding in a justice court' of the county, on which the suit was predicated, the suit growing out of certain transactions between the plaintiff, A. R. Roberts, who was the landlord of the defendant, and appellant here, Edward J. Fay, for the crop year 1922, the appellant having rented lands in San Patricio county, from the plaintiff for said crop year; there was a rental contract between the parties, in writing, and same is attached to the plaintiff's original petition as an exhibit; the suit was filed to the September term, 1922, of the district court of said county, for recovery of rents and advancements for said crop year, upon the allegation that plaintiff had advanced certain funds for the making of the crop, and, in addition, that appellant was indebted to him for rents, aggregating the sum of $1,903.65, and asked foreclosure of his landlord's lien on the crop of the defendant, and upon certain farm products raised by him on the rented premises; the petition also sought personal judgment against the two sureties on said appellant's replevy bond filed by him in said distress proceeding in the justice court of Portland, said county, where the rented premises were situated.

The case was called during the regular term, and was set by agreement of the parties for trial on Monday, the 23d day of October, 1922, the sixth and last week of the term. On the day set for the trial of the case the defendant, Edward J. Fay, failed to appear and answer, and the plaintiff thereupon took a default judgment against him and his said sureties, they also failing to appear; judgment was against said Edward J. Fay and his said sureties for the sum of $1,158.15, with interest and costs, the said judgment also, by its terms, foreclosing plaintiff's landlord's lien on the said crop of cotton and cottonseed. On the next day, Tuesday morning, the 24th of October, 1922, the defendant Edward J. Fay, learning that judgment had been rendered in his absence, came to Sinton and filed his motion to set aside the judgment, and to grant him a new trial, and that, on account of the rains and inclement condition of the weather generally, and the distance that he resided from the county seat, on account of such combination of circumstances, his health would have been endangered had he attempted a trip to Sinton on the day of the trial, and, further, because he had a good defense to a part of plaintiff's suit or claim, his grounds being fully set out in his motion. The trial court, after hearing the said motion, which was controverted by the plaintiff, and the evidence offered in support of the same, overruled it.

The facts to a limited extent were gone into on the motion to set aside the judgment, which supported the allegations of the motion. He claimed on account of his sickness and the rain and the necessary distance he would have had to travel under such conditions he was unable to get to court for the trial on the day it was set, or notify his attorney. He, however, got there the very next day and presented his motion for a new trial, claiming a meritorious defense which could only be established by his own testimony.

Our original opinion is withdrawn, and this is substituted therefor. After carefully considering the motion for a rehearing, and going over this case again, we fail to see wherein the trial court abused its discretion or acted in such way as to justify us in so holding. The motion for a new trial is overruled, and the judgment of the trial court is affirmed.