## CELESTE STATE BANK v. SECURITY NAT. BANK et al. (No. 8861.)

(Court of Civil Appeals of Texas. Dallas. June 16, 1923. Rehearing Denied Oct. 13, 1923.)

1. **Appeal and error ⚖➡957(1)—Judgment ⚖➡ 139—Setting aside default judgment within court's discretion, and review unwarranted unless discretion abused.**

It is within the discretion of the trial court whether a default judgment will be set aside, and his action will not be reviewed unless an abuse of discretion clearly appears.

2. **Judgment ⚖➡139—Abuse of discretion in refusal to set aside default judgment held not shown.**

Where, a bank having been made a party to garnishment proceedings and claiming funds held by the garnishee, another bank failed to appear at the trial of the garnishment case because of representations made by defendant in the main suit out of which the garnishment issued to the effect that a settlement had been made, *held*, it was not an abuse of discretion for the court to refuse to set aside a default judgment entered against it in favor of the garnishee.

3. **Judgment ⚖➡101(1)—Default judgment against impleaded defendant in garnishment held unsupported by sufficient pleading.**

Where, a bank having been made a party to garnishment proceeding and claiming funds held by the garnishee, another bank failed to appear at the trial of the garnishment case, *held*, that a default judgment in favor of the garnishee and against such impleaded bank as claimant could not be sustained where there was no pleading on behalf of the garnishee asserting any indebtedness against such claimant.

Error from Dallas County Court; T. A. Work, Judge.

Action by the Pearlstone Mill & Elevator Company against C. E. Patterson and the Security National Bank, wherein the Celeste State Bank was impleaded as claimant of the garnished funds. Judgment for plaintiff against the garnishee and for the garnishee against the Celeste State Bank, and the Celeste State Bank brings error. Judgment reformed, and as reformed affirmed.

Merritt & Leddy, of Dallas, for plaintiff in error.

Leake & Henry, Whitehurst & Read, and L. H. Betts, all of Dallas, for defendants in error.

HAMILTON, J. The Pearlstone Mill & Elevator Company sued C. E. Patterson for the recovery of an alleged indebtedness of $412.89, and caused a writ of garnishment to be issued and served upon the Security National Bank requiring it to answer in conformity with statutory procedure relating to garnishments to what extent, if any, it was indebted to the defendant Patterson. The Security National Bank answered the garnishment, denying that it owed C. E. Patterson anything or had in its possession any effects belonging to Patterson. This answer was controverted under oath by Pearlstone Mill & Elevator Company, and it specifically answered that immediately prior to the service of the writ of garnishment it had paid the garnishee bank the sum of $1,500 for the account of C. E. Patterson, and, at the time of the payment, notified the garnishee bank that these funds belonged to Patterson. Thereupon the garnishee, Security National Bank, filed an additional plea, admitting that the Pearlstone Mill & Elevator Company had paid it $1,500 for the account of C. E. Patterson, and, at the time of making such payment, gave it notice that the money belonged to Patterson, but it alleged that since said funds had been paid to it for Patterson's account, plaintiff in error, Celeste State Bank, had given it written notice that the funds impounded by the writ of garnishment belonged to said bank; that the Celeste State Bank was still claiming the funds, and that it (the garnishee) could not definitely determine to whom the funds belonged, and asked that Celeste State Bank and C. E. Patterson be cited to appear and answer so that the title to the funds might be adjudicated.

It seems that in response to this pleading the plaintiff in error was vouched into the

garnishment proceedings. Thereafter, on the 29th day of Novmeber, 1921, the garnishment case was called for trial, and Pearlstone Mill & Elevator Company and the garnishee bank appeared, while the original defendant, C. E. Patterson, and plaintiff in error, Celeste State Bank, failed to appear. Judgment was rendered for the Pearlstone Mill & Elevator Company against appellee Security National Bank for $412.89 and costs of suit. Judgment was also rendered in favor of the garnishee Security National Bank against plaintiff in error for the same amount, together with all costs.

Judgment having been entered to the effect and under the circumstances above stated, plaintiff in error subsequently, before the adjournment of the term of court, filed a motion for a new trial, and asked that the judgment entered by default against it be set aside. The reasons assigned in the motion for a new trial in substantial effect were as follows: First, plaintiff in error asserted that its failure to file an answer or appear at the trial of the case was due to its having been misled and deceived through statements made to its officers by Patterson to the effect that the suit had been settled and disposed of by compromise between the parties to the main suit out of which the garnishment was issued. In this connection plaintiff in error asserted that, when it was made a party to the garnishment, Patterson agreed with it that he would go to Dallas and make an adjustment of the suit with the Pearlstone Mill & Elevator Company, and that upon his return from Dallas he represented to plaintiff in error that he had agreed with the plaintiff in the principal suit that the suit would be dismissed and finally settled, and that it would be unnecessary for any further action to be taken in the matter. Plaintiff in error relied upon the statement made by Patterson, and for that reason failed to employ an attorney to file an answer, and did not receive any information contrary to that given it by Patterson until after the judgment had been rendered against it in favor of the Security National Bank. Secondly, it was recited in the motion for rehearing that plaintiff in error had a valid defense against the cause of action asserted, or against any that could be asserted by the Security National Bank or by any other party to the cause. The facts were set forth disclosing such defense. The third ground of the motion for a new trial and to have the judgment set aside was that the judgment rendered in favor of the Security National Bank against plaintiff in error was void because there was no pleading in behalf of the Security National Bank to authorize and sustain such judgment, and no citation directed to it disclosing the assertion of any right against it on the part of the Security National Bank to recover the judgment rendered against it in favor of the Security National Bank.

The trial court overruled the motion for a new trial containing substantially the above assigned reasons for setting aside the judgment, and plaintiff in error presses these contentions upon this appeal.

[1, 2] It is within the sound discretion of a trial court as to whether or not a default judgment will be set aside upon the complaint of the defaulting party through a motion for a new trial, and the action of the court in refusing to set aside the default judgment will not be reviewed on appeal unless an abuse of this discretion clearly appears. We do not believe the facts recited in the motion for a rehearing in this case bring it within the rule. There is not the slightest suggestion that the parties who prevailed made any representation or committed any act which induced or contributed to induce plaintiff in error to neglect its rights or in due time to assert its defenses. It was deceived by representations made to its officers by Patterson, who asserted no interest in the litigation adverse to it so far as appears in the record. Patterson's representation to it was not that the suit had been dismissed, but that the litigation would be settled and the suit dismissed. Neither the Pearlstone Mill & Elevator Company nor the Security National Bank, as above stated, was a party to any such representations or had any knowledge that they had been made. In those circumstances, we do not think there was any abuse of discretion in the action of the court in overruling the motion for a new trial and refusing to set aside the judgment entered in the case so as to reopen the whole controversy and permit plaintiff in error to interpose the defenses it had neglected to present in the first instance. A prudent person, when impleaded, would employ an attorney to protect his rights. At least, a court is justified in expecting and requiring greater diligence in such exigencies as confronted plaintiff in error than the recited facts disclose. These facts do not warrant a declaration that the trial court exceeded the limits of its discretion, and this court cannot set aside the judgment and remand the case.

[3] However, we are of the opinion that that portion of the judgment decreeing to the Security National Bank the recovery of $412.-89 against plaintiff in error clearly was erroneous. There was no pleading on behalf of the bank asserting any indebtedness against plaintiff in error. On the contrary, the only pleadings filed in the garnishment proceedings by the Security National Bank disclosed that the plaintiff in error was not indebted to the Security National Bank; but this error does not require that the judgment of the court below be reversed and the cause remanded. It is necessary only that that portion of the judgment of the court below awarding to Security National Bank recovery against plaintiff in error of the sum of $412.89 be set aside and held for naught, and accordingly this will be done.

The judgment of the trial court, therefore is reformed so as to eliminate the recovery of $412.89 awarded to Security National Bank against plaintiff in error, and the costs of this appeal will be taxed against defendant in error, the Security National Bank. The judgment of the court below as thus reformed is affirmed.