**MUTUAL OIL CONSOLIDATED et al. v. BEAVERS. (No. 2479.)**

(Court of Civil Appeals of Texas. Amarillo. April 29, 1925.)

**1. Appeal and error ☞935(2)—Every presumption indulged to sustain action of trial court in overruling motion to vacate judgment.**

Every presumption should be indulged to sustain action of trial court in overruling motion to vacate default judgment, where appellate court was not furnished with record of testimony offered on hearing of motion.

**2. Appeal and error ☞957(1)—Judgment ☞139—Vacation of default judgment within discretion of trial court and reversal not had in absence of abuse.**

It is within sound discretion of trial court whether he will vacate a default judgment on motion for a new trial by defaulting party, and his action will not be reversed without a showing that he has clearly abused his discretion.

**3. Judgment ☞145(3)—Motion to set aside default judgment held properly overruled.**

Motion to set aside a default judgment, in action for conversion of oil well casing, *held* properly overruled where casing, though taken by another was in defendants' well, and they had refused to surrender it, and, though defendants alleged as a conclusion that they had a valid defense, no facts were stated constituting a defense.

Error from District Court, Young County; Walter F. Schenck, Judge.

Suit by C. E. Beavers against the Mutual Oil Consolidated and another. Judgment for plaintiff. From a judgment refusing a motion to vacate, defendants bring error. Affirmed.

Brown & Graham, of Graham, and J. D. Bell, of Mineral Wells, for plaintiffs in error.

Fred T. Arnold, of Graham, for defendant in error.

JACKSON, J. This suit was filed in the district court of Young county on September 26, 1923, by C. E. Beavers, defendant in error, hereinafter called appellee, against the Mutual Oil Consolidated, a common-law trust, with E. L. Chapman, as trustee, and against E. L. Chapman individually, plaintiffs in error, hereinafter called appellants.

Appellee alleged that he was the owner of 2,585 feet of 5 3/16-inch oil well casing, of the value of $1,800, which appellants had converted to their own use and benefit, and that he had demanded the casing, but appellants refused to deliver it or any part of it to him, and retained the same and placed it in a well claimed by them. He prayed for the value of his casing, and in addition for the sum of $250 as attorney's fees.

Service was had on appellants, which re-

quired them to answer appellee's suit on appearance day, which was December 4, 1923. On said date the cause was called for trial by the court, but no appearance was made and no answer filed by the appellants, and on the 6th of December judgment by default was entered against them in favor of appellee for the sum of $1,200, with interest at the rate of 6 per cent. per annum, and for costs.

On January 5, 1924, appellants filed a verified motion, asking that the default judgment be vacated, and on January 25th thereafter, by an amended motion urged as grounds for setting aside the judgment that the obligation sued on was not theirs, they having purchased from D. A. Bertrand an interest owned by him in property, the balance of which property belonged to them, and that subsequent to the purchase D. A. Bertrand became insolvent and crazy, and appellants, with other creditors, sought to fix their claim against the whole property; that they had various correspondence with the law firm of Brown & Graham, who represented all of the other claimants, except the appellee in this suit, and appellants gained the impression that said law firm represented appellee, and so advised their attorney, J. D. Bell, and on account of arrangements with Brown & Graham, their attorney failed to answer appellee's suit.

They alleged that the judgment is void because not supported by competent testimony, but state if any conversion was shown it was by D. A. Bertrand, and not by appellants, and they deny the agency of, or any partnership relation with, the said D. A. Bertrand, and say they have a valid defense to said suit, because the testimony shows they did not convert the property, and it is available to plaintiff.

On the same day that the amended motion to set aside the judgment was filed, it was heard by the court, and, after hearing the motion and argument and evidence, the motion was by the court overruled, and appellants given 60 days in which to prepare the record for appeal.

On March 22, 1924, a writ of error was sued out by appellants, and on March 28th service of said writ was had on appellee.

The motion to vacate was not filed for approximately a month after judgment was entered, and the hearing thereon was had the day before the final adjournment of the term of court.

The judgment on the motion recites that:

"The court, after hearing the motion and argument of counsel, and hearing evidence, is of the opinion that the motion should be overruled, which is accordingly so done."

[1] We are furnished with no record of the testimony offered on the hearing of the motion, and every presumption should be in-

dulged to sustain the action of the trial court.

Presiding Judge McClendon, speaking for the Commission of Appeals in Lawther Grain Co. v. Winniford, 249 S. W. 195, says:

"In order to set aside a judgment by default two things must appear: First, that the defendant has a good excuse for not answering or making his defense on the trial; and, second, that he has a meritorious defense. Railway v. Kelley, 99 Tex. 87, 87 S. W. 660; Holliday v. Holliday, 72 Tex. 581, 10 S. W. 690; Foster v. Martin, 20 Tex. 118; 30 Century Dig. Judgments, §§ 270, 271; Decennial Dig. Judgments, §§ 142(2), 145(2)."

[2] It is well settled that it is within the sound discretion of the trial court whether or not he will vacate a default judgment on motion for a new trial by the defaulting party, and his action will not be reversed without a showing that he had clearly abused his discretion. Celeste State Bank v. Security National Bank et al. (Tex. Civ. App.) 254 S. W. 653; Fay v. Roberts (Tex. Civ. App.) 249 S. W. 533; Schultz v. Burk (Tex. Civ. App.) 227 S. W. 700; Martin v. Clements (Tex. Civ. App.) 193 S. W. 437.

[3] The testimony shows that the appellant was the owner of 2,000 feet of 5 $3/16$-inch casing, and that its market value was 60 cents per foot, and the casing in a well belonging to the Mutual Oil Consolidated; that it was taken without the consent of appellant by Bertrand; that appellee had demanded the casing, and appellants had refused to turn it over to him. Appellants do not deny having the casing in their possession; and, while they allege as a conclusion that they have a valid defense, no facts are stated which constitute a defense to appellee's cause of action. If they purchased the casing from Bertrand, together with his interest in the lease, retaining the casing in the well or on the ground and withholding it from the true owner would render them liable for conversion. More et al. v. Carey Bros. Oil Co. et al. (Tex. Com. App.) 269 S. W. 75.

Finding no error in the record, the judgment is affirmed.