### SFIRIS et al. v. MADIS. (No. 8141.)

Court of Civil Appeals of Texas. San Antonio. Feb. 6, 1929.

Tarlton & Lowe, of Corpus Christi, for plaintiffs in error.

Sidney P. Chandler, of Corpus Christi, for defendant in error.

COBBS, J. Defendant in error sued plaintiffs in error as a partnership composing the Corpus Christi Canning & Fish Company upon a claim for service alleged to have been rendered by defendant in error for plaintiffs in error. When the case was called for trial, there was no answer filed for defendants, plaintiffs in error herein, and judgment was taken against them by defendant in error in the sum of $308.45, and the further sum of $20 attorney's fees. This judgment was rendered on the 8th day of May, 1928, and on the 10th day of May, 1928, plaintiffs in error filed a motion for new trial, seeking to set aside the judgment for the reason that their attorney was under the impression that the court convened one week later, and, besides, that there remained five weeks of the term during which said cause could be tried on its merits. Plaintiffs in error allege that, having set up a meritorious defense in their motion for a new trial, it was an abuse of discretion on the part of the trial court to refuse to permit them to have a new trial as requested.

Turning to the motion, the only meritorious defense stated was "that they do not owe plaintiff Bill Madis, the amount of $300.00," leaving the inference that they are indebted to him in some amount.

The granting or refusal of motions for new trial are wholly within the discretion of the trial court, and we cannot afford to interfere with the actions of a trial court, except in a case of clear abuse of discretion. While it may be true that there would have been ample time to try the case, after setting aside the judgment, still that was for the judge to decide, who knew the condition of his docket.

We do not think the motion shows such a meritorious defense as that its refusal exhibits on the part of the court arbitrary action.

The grounds challenging the action of the court are considered, but are overruled, and the judgment is affirmed.