## HOMUTH v. WILLIAMS.

### No. 7643.

Court of Civil Appeals of Texas. Austin. Oct. 14, 1931.

Cox & Brown, of Temple, for appellant.

J. W. Thomas, of Belton, for appellee.

**BLAIR J.**

Appellee sued appellant for damages resulting from a collision of an automobile with his wagon, alleging that the automobile causing the collision belonged to appellant, and was being driven at the time by his son and in furtherance of appellant's business. Appellant was duly served with citation on October 8, 1930, to appear on October 21, 1930, but he failed to file any answer or appear in the case, and on October 23, 1930, judgment by default was rendered in favor of appellee for $1,214.50. On October 24, 1930, appellant filed his motion to set aside the default judgment, and on January 2, 1931, his amended motion, alleging in substance that he had a policy of insurance with Fidelity Union Casualty Company of Dallas, which obligated it to defend any suit of this character; that on the day he received the citation he delivered it to an agent of said company, who assured him that proper defense would be made; that by reason of the illness of the wife of the superintendent of claims of said company, oversight in handling the defense of such suit occurred; and that as soon as he learned of the default judgment this motion was made to set it aside. Appellant further alleged as a meritorious defense to the suit a general and special denial of negligence, denial of

agency or employment of the driver of the, automobile causing the collision, and that the driver of his car was on a mission or private venture of his own.

On January 2, 1931, appellee filed his reply to the amended motion, alleging lack of diligence on the part of appellant in filing an answer to the suit, and failure to allege a meritorious defense thereto. On the same day the trial court heard and overruled the motion to set aside the default judgment and to grant appellant a new trial, hence this appeal, upon the following proposition: "The defendant, having within the time required by law, filed his motion to set aside the judgment, which alleged a state of facts constituting a reasonable excuse for failure to file answer in time, and other facts which, if true, would have defeated plaintiff's cause of action, and on hearing having proved the facts constituting the reasonable excuse, was entitled to a judgment setting aside the default judgment and setting the case down in regular order for trial on the merits."

The facts proved on the hearing of the motion are in substance as follows: The insurance company's policy on appellant's car required it to defend suits of this character against him. Appellant was served with citation October 8, 1930, and on the same day he delivered the citation to the agent of the insurance company at Temple, Tex., who immediately sent it to the company at Dallas, Tex., in accordance with custom and instruction, the agent telling appellant that he need do nothing further as the company would defend the suit. The superintendent of claims for the company received the citation in sufficient time to have answered by appearance day, but "through oversight" failed to deliver it to the legal department as required by the rules and custom of the company, and "through oversight" delivered the citation with the file in the case to an investigator of the company, with instructions to go on the ground and report back before appearance day. The superintendent of claims sought to excuse these oversights because his wife was ill and going through a clinic at Dallas about the time the citation was delivered to the company. The investigator, though instructed to go to Temple first, went first to Houston and Beaumont and then to Temple, where he learned that default judgment had been rendered in the case. The superintendent of claims, a lawyer, knew that a formal demurrer and denial, which he could have filed without investigation of the accident, would have prevented the default judgment. It was also shown that the insurance company had investigated the accident about the time it happened, and had in its files these reports for several months prior to the filing of this suit. This evidence shows that the failure to answer the suit in time was due to the negligence of appellant and his agents to whom he had intrusted the defense of his suit, and therefore the trial court legally exercised its discretionary powers in refusing to set aside the default judgment and to grant a new trial.

It is a well-settled rule that the question of setting aside a judgment by default is a matter within the sound discretion of the trial court, and unless that discretion has been clearly abused, an appellate court will not disturb the judgment of the trial court. London Assurance Corp. v. Lee, 66 Tex. 248, 18 S. W. 508; Aldridge v. Mardoff, 32 Tex. 207; Belknap v. Groover (Tex. Civ. App.) 56 S. W. 249; Ishmel v. Potts (Tex. Civ. App.) 44 S. W. 615; Sfiris v. Madris (Tex. Civ. App.) 13 S.W.(2d) 750.

The law is also well settled that a defendant seeking to set aside a judgment by default must show that his failure to answer and defend the suit within time was not the result of his negligence; and to allege a meritorious defense to the suit. Clute v. Ewing, 21 Tex. 679; Coffee v. Ball, 49 Tex. 25; Missouri, K. & T. Ry. Co. v. Davidson, 25 Tex. Civ. App. 134, 60 S. W. 278; Wear v. McCallum, 119 Tex. 473, 33 S. W. 723; Western Union Tel. Co. v. Skinner, 60 Tex. Civ. App. 477, 128 S. W. 715, 716; Hooser v. Wolfe (Tex. Civ. App.) 30 S.W.(2d) 728.

Our above conclusion renders unnecessary a decision on the question of whether appellant alleged a meritorious defense to the suit. We therefore pretermit a discussion of the question and affirm the judgment of the trial court.

Affirmed.