## DEMPSEY et ux. v. GIBSON.

### No. 1802.

Court of Civil Appeals of Texas. Waco.

Dec. 24, 1936.

Richard & A. P. Mays, of Corsicana, for appellants.

Claude L. Milburn and Taylor & Howell, all of Corsicana, for appellee.

GALLAGHER, Chief Justice.

This appeal is prosecuted from an order of the court refusing, on motion of appellants J. M. Dempsey and wife, Jewell Dempsey, to set aside the default judgment in this cause awarding appellee, Mrs. El J. Gibson, a recovery against them for the title to and possession of a certain tract of land. Appellee's original petition was in the usual form of trespass to try title and was filed on February 28, 1935. Appellee filed, at the same time, her affidavit and bond for a writ of sequestration. Citation to appellants was promptly issued and duly served upon them on March 1, 1935, commanding them to appear and answer appellee's suit on April 1, 1935. For some reason, the writ of seqestration was not served until March 18, 1935, at which time the sheriff's return shows he took possession of the property. On the next day, March 19, 1935, appellee applied for an injunction to restrain appellants from molesting or interfering with the possession of said property held by the sheriff under his levy of the writ of sequestration and from removing therefrom improvements and appurtenances thereto belonging. The court made an order imposing the restraint prayed for until a hearing upon the application could be had, which hearing he set for March 27, 1935. An appropriate writ, in which was included said order requiring appellants to appear and answer appellee's application for injunction on the day and date aforesaid, was issued and duly served on appellants on March 20, 1935. On April 3d, appellants having failed to appear or answer in said cause either in person or by attorney, the court noted such default, heard appellee's testimony with reference to her right to recover, and rendered in her favor the judgement against appellants here sought to be set aside. Appellants, on May 17, 1935, filed their verified motion to set aside said judgment, and appellee, on May 24, 1935, filed a verified reply thereto.

The court, on May 24, 1935, heard testimony on the issues involved in said motion and reply and took the matter under advisement, and on June 22, 1935, overruled.

the motion. The court, in the order overruling the same, recited that appellants and each of them had failed to exercise reasonable diligence in appearing and answering in this suit at the time and in the manner required by law, and had failed to timely present the defense thereto relied on by them; that they had failed to show or establish any valid excuse for their failure to appear in time and assert their defenses; that appellants had further failed to show or establish that such failure was in any manner attributable or chargeable to any fraud, accident, or mistake practiced upon appellants, or either of them, by appellee or her counsel; that appellants had failed to allege or prove any equitable grounds authorizing the court, in the exercise of a sound discretion, to set aside said judgment and award them a new trial.

## Opinion

Appellants, in their first proposition, contend that their motion to vacate the default judgment rendered against them in this cause was addressed to the sound discretion of the court, and that his failure to grant the same was, under the testimony introduced, an abuse of such discretion. There is no contention in this case that appellants' failure to appear and answer in this cause was attributable in any way to appellee or her counsel. Appellants, in their motion, alleged that they had a meritorious defense to the cause of action asserted by appellee and that their failure to appear and present the same at the proper time did not in any way result from their negligence, but resulted solely from mistake, misunderstanding, and error. The court heard testimony on the issue of appellants' negligence, as well as to the merits of the defense asserted by them. While the testimony concerning the merits of appellants' defense was sharply controverted, we do not deem it necessary to discuss the same. The court, as hereinbefore recited, based his action in overruling the motion on findings constituting negligence on the part of appellants. The testimony disclosed that appellants had occupied the land in controversy for more than ten years; that they at one time owned the same but later conveyed the title to another, under whom appellee claimed; that since such conveyance they had been tenants of said land from year to year under specific annual contracts. They testified that they were share croppers, and that appellee, in June or July, 1934, had promised, in response to an inquiry from them, that they should remain on the land during the year 1935. There was testimony, however, tending to contradict them on this point. There was further testimony that about September, 1934, appellee notified them that they would be expected to vacate at the end of the year; that on January 1, 1935, she filed a suit in forcible detainer for possession of the premises; that appellants prevailed in that suit; and that appellee promptly perfected an appeal to the county court. No further action was taken in said cause in that court. Appellee then filed this suit in trespass to try title, as hereinbefore recited.

Appellants were represented in the justice court by counsel. The gist of their contentions in this connection is that they did not really understand that this suit was a separate and distinct proceeding from the action in forcible detainer then pending on appeal in the county court; that they mentioned the process served upon them in this suit to their said counsel; and that they honestly and sincerely believed that he would look after their interests in this suit and do what was necessary to protect their rights. They did not claim that they had actually employed such counsel to appear and answer for them in this cause. Appellants both testified that on April 3, 1935, they learned that a judgment by default had been rendered against them in this cause; that they asked said counsel about it and he said he didn't know whether a judgment had been taken or not but he would go and see; that he later told them that judgment had been taken; and that they then came to Waco and employed counsel here and that their original counsel told them he would co-operate with the Waco counsel. The testimony discloses that the Waco counsel, apparently misunderstanding the situation, filed an answer in the cause on April 8, 1935. Such answer, however, is not found in the transcript. Counsel filing the same withdrew from the case on May 4, 1935. The motion here under consideration was filed by other counsel. Counsel for appellants in the forcible detainer case did not join in the filing of said motion, nor was he called as a witness on the hearing thereof.

█ The general rule is that one who seeks to set aside a default judgment against him must show that neither he nor his attorney was negligent in failing to appear and defend the suit. 25 Tex.Jur. p. 547, § 151; p. 560, § 164; p. 569, § 173, and authorities cited in notes thereto. The de-

432

fault in this case apparently arose solely out of appellants' assumption that they had retained the counsel who represented them in the forcible detainer suit to defend them in this suit, or that he would do so as a part of his original employment. On the specific question of diligence in securing the aid of counsel, we quote from 34 C.J. p. 300, § 520, as follows: "A defendant ordinarily can not procure the setting aside of a judgment against him on the ground of his mistaken belief that he had retained an attorney to protect his interests; he must see to it that the attorney understands and accepts the retainer; otherwise, his failure to pay personal attention to the case is inexcusable negligence." See, also, 34 C.J. p. 305, § 525; Davis v. Darling, 20 Tex. 803, 804, 807; Ames Iron Works v. Chinn, 20 Tex.Civ.App. 382, 49 S.W. 665, par. 1.

A motion to set aside a default is addressed primarily to the sound discretion of the trial court and an appellate court will revise its action only when such discretion is abused. Since the trial court found that appellants had failed to exercise reasonable diligence to appear and answer in this suit and had not shown any sufficient excuse for such failure, and since such findings are supported by evidence, under the great weight of authority in this state he did not abuse his discretion in failing to grant appellants' motion. Wear v. McCallum, 119 Tex. 473, 478, 33 S.W.(2d) 723, 724, pars. 4 and 5; Scrivner v. Malone, 30 Tex. 773, 774, 775; Peters v. Hubb Diggs Co. (Tex.Civ.App.) 35 S.W.(2d) 449, 450, par. 7, and authorities there cited; Homuth v. Williams (Tex.Civ.App.) 42 S. W.(2d) 1048, 1049, pars. 2 to 4, inclusive, and authorities there cited; San Antonio Paper Co. v. Morgan (Tex.Civ.App.) 53 S.W.(2d) 651, 653, pars. 6 to 11, inclusive; Gillaspie v. City of Huntsville (Tex.Civ.App.) 151 S.W. 1114, 1116, pars. 5 et seq.; Boyd v. Urrutia (Tex.Civ.App.) 195 S.W. 341, 342, pars. 2 and 3; Schultz v. Burk (Tex.Civ.App.) 227 S.W. 700, par. 3; Celeste State Bank v. Security Nat. Bank (Tex.Civ.App.) 254 S.W. 653, 654, pars. 1 and 2; Mutual Oil Consolidated v. Beavers (Tex.Civ.App.) 272 S.W. 507, 508, pars. 1 and 2; Farrell v. Truett, Abernathy & Wolford (Tex.Civ.App.) 60 S.W.(2d) 475, 476, pars. 1 to 3, inclusive.

Appellants, in their second and last proposition, contend that the court erred in failing to set aside the judgment by default rendered against them, because of the pendency of the proceedings in forcible detainer at the time this action in trespass to try title was instituted. Article 3994 of our Revised Statutes provides that proceedings in forcible entry or in forcible detainer shall not bar an action for trespass or damages, etc. Under this article, the pendency of the action in forcible detainer in the county court constituted no bar to the institution and prosecution by appellants of this action in trespass to try title. Bull v. Bearden (Tex.Civ.App.) 159 S.W. 1177, 1178, par. 1, and authorities there cited; Holcomb v. Lorino, 124 Tex. 446, 79 S.W. (2d) 307, 309, par. 2, and authorities there cited; Scott v. Hewitt (Tex.Sup.) 90 S.W. (2d) 816, 818, par. 3, 103 A.L.R. 977, and authorities there cited.

The judgment of the trial court is affirmed.